Troy Pierre Lavergne v. State









WITHDRAWN 6-9-99





IN THE
TENTH COURT OF APPEALS
 

No. 10-97-352-CR

     TROY PIERRE LAVERGNE,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the County Criminal Court No. 7
Tarrant County, Texas
Trial Court # 0624852
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

     Appellant Lavergne appeals his conviction for driving while intoxicated, for which he was
sentenced to 120 days in jail, suspended for two years, and assessed a $600 fine.
      Appellant was charged by information for driving while intoxicated. He filed a pretrial
motion to suppress physical evidence and asserted an illegal search. At the hearing on the motion
to suppress, at 9:15 a.m. on August 12, 1997, there was evidence that on June 29, 1996, at 1:30
a.m., Officer Speed was on duty and observed a 1991 Chevrolet headed west on Meadowbrook
in Fort Worth. He observed the vehicle cross the center line and go to the curb on the left and
then back to the right side of the street. Officer Speed turned on his red and blue lights and
stopped the vehicle. He asked Appellant, the driver, to produce his driver's license. Officer
Speed testified he smelled alcohol on Appellant's breath; that his speech was slurred; and his eyes
were bloodshot. The officer also testified that Appellant told him he had a couple of beers. This
testimony was sufficient to establish probable cause and the trial court correctly overruled the
motion to suppress.
      After the trial court denied the motion to suppress, he proceeded with trial before the jury at
10.05 a.m. on August 12, 1997. Officer Speed then testified before the jury as to his testimony
given at the hearing on the motion to suppress and additionally testified that he asked Appellant
to step out of his vehicle so that he could administer some field sobriety tests. The only test
Appellant completed was the walk and turn test. He was unable to do the other sobriety tests. 
Officer Speed testified that it was the field sobriety evaluations that lead to probable cause to arrest
Appellant for DWI. The officer arrested him and proceeded to the Fort Worth police station
where Appellant was videotaped. 
      The jury found Appellant guilty. Appellant elected to have the court assess punishment. The
judge sentenced Appellant to 120 days in jail, probated for two years, and assessed a fine of $600.
      Appellant appeals on one point of error: “The trial court erred in allowing this case to go to
the jury after the prosecutor failed to produce prima facie evidence of Officer Speed’s probable
cause to arrest Appellant for the offense of driving while intoxicated.”
      The evidence at the suppression hearing was that Officer Speed noticed Appellant fumbled for
his driver’s license; the officer smelled a strong odor of alcohol emitting from his breath; noticed
Appellant had bloodshot and glassy eyes; that Appellant’s speech was slurred; and Appellant
admitted to having two beers. The trial court had the discretion to deny the motion to suppress. 
Loserth v. State, 963 S.W.2d 770 (Tex. Crim. App. 1998); Guzman v. State, 955 S.W.2d 85 (Tex.
Crim. App. 1997); Villareal v. State, 935 S.W.2d 134 (Tex. Crim. App. 1996).
      A trial court’s ruling on a motion to suppress lies within the sound discretion of the court at
the hearing. The trial court is the sole judge of the credibility of the witnesses and of the weight
to be given their testimony. Villareal at 138.
      At trial Officer Speed testified that after the entire evaluation of Appellant’s performance, he
believed he was driving while intoxicated. He said he based that opinion on the totality of the
circumstances, and basically what that means is, the erratic driving, the contact that he had when
he made the initial traffic stop, the odor of an alcoholic beverage emanating from his breath, the
slurred speech, the bloodshot eyes, leaning on the door when asked to step out of the vehicle, and
then the results of the evaluations. Additionally, Appellant admitted to having two beers and
empty beer cans were found in the vehicle.
      The “totality of circumstances” test applies in Texas for determining probable cause for a
warrantless search and arrest. The burden is on the State to prove probable cause to justify a
warrantless arrest or search. Probable cause exists where the facts and circumstances within the
officer’s knowledge, and of which he has reasonable trustworthy information, are sufficient in
themselves to warrant the officer’s belief that a particular person has committed an offense. 
Amores v. State, 816 S.W.2d 407, 413 (Tex. Crim. App. 1991).
      The stop of Appellant’s vehicle by Officer Speed was lawful. Appellant does not challenge
the trial court’s determination that reasonable suspicion justified the initial stop and investigative
detention. That investigative detention resulted in Officer Speed acquiring probable cause to arrest
Appellant for DWI. 
      We hold that, under the fact of this case, the trial court did not err in allowing this case to go
to the jury. Accordingly, we overrule Appellant’s point and affirm the judgment.
 
                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Justice Vance,
      Justice Gray and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed April 21, 1999
Do not publish
[WITHDRAWN 6-9-99]